Yeskoo Hogan & Tamlyn, LLP
535 Fifth Avenue
New York, NY 10017
212-983-0900
Attorneys for Defendants
By:  Richard C. Yeskoo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

VIRTUAL INVESTMENT GROUP LTD.,                  09-cv-7469 (DB)

                               Plaintiff,      ANSWER,
                                                COUNTERCLAIM &
          – against –                         JURY TRIAL DEMAND

GOTHAM ENERGY TRADE & TRANSPORT,
INC. and PETER KUHN,

                               Defendants.
----------------------------------------------------------------X

      Defendants Gotham Energy Trade & Transport, Inc. and Peter Kuhn, by their undersigned attorneys, answer the complaint and counterclaim as follows:

      1.      State that they lack sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 1.

      2.      Admit the allegations contained in paragraph 2.

      3.      Admit the allegations contained in paragraph 3.

      4.      Deny the allegations contained in paragraph 4.

      5.      State that paragraph 5 is a legal contention as to which no response is required.

6. State that paragraph 6 is a legal contention as to which no response is required.

7. State that they lack sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8.

9. Admit the allegations contained in paragraph 9.

10. Admit that Virtual and Msoka entered into an agreement, state that they do not have a copy of the agreement, and state that they lack sufficient knowledge or information to form a belief concerning the truth of the remaining allegations contained in paragraph 10.

11. Admit that Msoka was seeking to purchase a magnetite residue pile being sold by Foskor, state that they do not have a copy of the agreement, and state that they lack sufficient knowledge or information to form a belief concerning the truth of the remaining allegations contained in paragraph 11.

12. Admit that Virtual's initial interest in Msoka was 65%, state that they do not have a copy of the agreement, and state that they lack sufficient knowledge or information to form a belief concerning the truth of the remaining allegations contained in paragraph 12.

13. Admit that Virtual told Gotham that Msoka had to pay a $1,000,000 deposit, state that they do not have a copy of the agreement, and state that they lack sufficient knowledge or information to form a belief concerning the truth of the remaining allegations contained in paragraph 13.  Defendants further aver that Virtual told them that the deposit was refundable.

14. Admit that Virtual sought financing for the project, state that they do not have a copy of the agreement, and state that they lack sufficient knowledge or information to form a belief concerning the truth of the remaining allegations contained in paragraph 14.

15. State that they lack sufficient knowledge of information to form a belief concerning the truth of the allegations contained in paragraph 15.

16. Admit the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. State that they lack sufficient knowledge of information to form a belief concerning the truth of the allegations contained in paragraph 22.

23. Admit the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24, and admit that Gotham owns 50% of Virtual's economic interest in Msoka.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30, except admit that Virtual and Gotham entered into an agreement and refer to that agreement for its terms.

31. Deny the allegations contained in paragraph 31, except refer to the agreement for its terms.

32. Deny the allegations contained in paragraph 32, except refer to the agreement for its terms.

33. Deny the allegations contained in paragraph 33, except refer to the agreement for its terms.

34. Admit that Foskor at some point notified Msoka that Foskor had accepted Msoka's bid to purchase some or all of the magnetite residue pile, state that they have never been provided with a copy of that notice, and state that they lack sufficient knowledge or information to form a belief concerning the truth of the remaining allegations contained in paragraph 34.

35. State that they lack sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 35.

36. State that they lack sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 36.

37. State that they lack sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39, except admit that Gotham had told Virtual that Gotham had been unable to raise a $1,000,000 deposit.

40. Deny the allegations contained in paragraph 40, except aver that Gotham introduced Virtual to Pythagoras.

41. Deny the allegations contained in paragraph 41.

42. Admit the allegations contained in paragraph 42.

43. Refer to the agreement for its terms.

44. Refer to the agreement for its terms.

45. Admit that a $1,000,000 deposit was paid to Foskor, except aver that Virtual told defendants that the deposit was refundable.

46. Admit that Pythagoras paid $500,000 of the deposit, except aver that Virtual told defendants that the deposit was refundable.

47. State that they lack sufficient knowledge or information to form a belief concerning the truth of the allegation that Virtual paid $500,000 of the deposit, and aver that Virtual told defendants that the deposit was refundable.

48. Admit that Gotham did not pay part of the deposit, except aver that Virtual told defendants that the deposit was refundable.

49. State that defendants do not have a copy of the agreement, and state that they lack sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

## FIRST CLAIM

53. Repeat their responses to the paragraphs referenced in the complaint.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

## SECOND CLAIM

58. Repeat their responses to the paragraphs referenced in the complaint.

59. Deny the allegations contained in paragraph 59, except aver that plaintiff took the position that defendant had forfeited its ownership interest in plaintiff.

60. Deny the allegations contained in paragraph 60.

61. State that paragraph 61 is a legal conclusion as to which no response is required.

## THIRD CLAIM

62. Repeat their responses to the paragraphs referenced in the complaint.

63. Deny the allegations contained in paragraph 63.

64. Deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65.

66. Deny the allegations contained in paragraph 66.

67. Deny the allegations contained in paragraph 67.

## FOURTH CLAIM

68. Repeat their responses to the paragraphs referenced in the complaint.

69. Deny the allegations in paragraph 69, except aver that they have communicated with representatives of Msoka and Foskor.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

## FIFTH CLAIM

74. Repeat their responses to the paragraphs referenced in the complaint.

75. State that paragraph 75 is a legal conclusion as to which no response is required.

## AFFIRMATIVE DEFENSES

77. The complaint fails to state an action against Peter Kuhn.

78. The complaint is barred by the statute of frauds.

79. The complaint is barred by the parol evidence rule.

80. The complaint is barred by plaintiff's material breach of the agreement with defendant, as more fully specified in defendant's counterclaim.

81. Plaintiff ratified the agreement with defendant notwithstanding any fraud.

82. Plaintiff waived any fraud by not seeking rescission of agreement.

## COUNTERCLAIM

Gotham Energy Trade & Transport, Inc. ("Gotham"), by its undersigned attorneys, as and for a counterclaim against Virtual Investment Group Ltd, alleges as follows:

83. Gotham is a New York corporation with its principal place of business in New York.

84. Virtual Investment Group Ltd. ("Virtual") is, upon information and belief, a British Virgin Islands corporation with its principal place of business in Singapore.

85. This Court has subject matter jurisdiction over the counterclaim under 28 USC §1332(a) in that counterclaim plaintiff is a citizen of a state, counterclaim defendant is a subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest in costs. This Court also has subject matter jurisdiction over the counterclaim pursuant to 28 USC §1367.

COUNT ONE
(Breach of Contract)

86. In or about August 12, 2008 the parties entered into an agreement concerning the acquisition and sale of a residue pile located in South Africa.

87. Defendant Gotham complied with all conditions precedent of the agreement.

88. Plaintiff Virtual breached the agreement by, among other things, being uncooperative with potential investors, telling potential customers that Gotham had nothing to do with the project, failing to provide accurate information about the quality of the residue ore and its marketability, failing to provide shareholder lists and information about capital structure, failing to provide assurances to potential United States investors about compliance with foreign corrupt practices laws, and failing to provide accurate information about the status of the project.

89. As a result of Virtual's breach of the agreement, Gotham has been damaged by not less than $75,000.

COUNT TWO
(Declaratory Relief)

90. Gotham repeats the allegations set forth in paragraphs 86 through 89.

91.     In the event that Gotham and/or Peter Kuhn entered into a non-disclosure and/or non-circumvention agreement with Virtual, Virtual should be estopped from enforcing such agreement by its wrongful conduct alleged above.

92.     A justicable controversy exists between the parties concerning whether Gotham is bound by the alleged non-disclosure/non-circumvention agreement.

93.     Gotham and Peter Kuhn are entitled to a declaratory judgment that they are not bound by the alleged non-disclosure/non-circumvention agreement.

WHEREFORE, defendants demand judgment dismissing the complaint with prejudice, costs, and such further relief as the Court deems just.  Counterclaim-plaintiff Gotham Energy Trade & Transport, Inc. further demands judgment against counterclaim-defendant Virtual Investment Group Ltd.:

(i)     declaring that it and its president, Peter Kuhn, are not bound by the alleged non-circumvention agreement;

(ii)    for damages of not less than $75,000; and

(iii)   for interest, costs and such further relief as the Court deems just.

## JURY TRIAL DEMAND

Defendants demand a trial by jury of the complaint and counterclaim.

Dated:   New York, New York
         November 28, 2009

                                         Yeskoo Hogan & Tamlyn, LLP
                                         535 Fifth Avenue
                                         New York, NY 10017
                                         212-983-0900
                                         Attorneys for Gotham Energy Trade &
                                         Transport, Inc. and Peter Kuhn

                                         _____s/_____
                                         Richard C. Yeskoo (RY7329)